# EXHIBIT 1

Exhibits to Preston Declaration

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ, an individual, on his own behalf and on behalf of all others similarly situated,<br>   *Plaintiff*,<br><br>v.<br><br>LIBERTY POWER CORP., LLC,<br>LIBERTY POWER HOLDINGS, LLC,<br>Delaware limited liability companies,<br>DAVID HERNANDEZ and ALBERTO DAIRE, individuals,<br>   *Defendants*. | Case No. 1:18-cv-10506-ADB |

## DEFENDANT LIBERTY POWER CORP., LLC AND LIBERTY POWER HOLDINGS, LLC FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SAMUEL KATZ

Defendant Liberty Power Corp., LLC and Liberty Power Holdings, LLC ("LLC Defendants"),[1] by counsel, serve the following Requests for Production of Documents to Plaintiff Samuel Katz. The Requests shall be answered in accordance with the Instructions and Definitions set forth below. The full text of the Instructions and Definitions shall be deemed incorporated by reference into each Request.

## INSTRUCTIONS

1. Produce all documents in a form that renders the documents susceptible to copying. Produce all documents as they are kept in the usual course of business or organized and labeled to correspond to the following Requests.

---

[1] Individual Defendants David Hernandez and Alberto Daire will be filing, at a minimum, a motion to dismiss for lack of personal jurisdiction on or before June 4, 2018. Therefore, they will not be participating in discovery (and possibly waive this defense) unless this Court decides that that it has personal jurisdiction over them.

all originals and any drafts thereof, and any non-identical copies, of any writing (whether handwritten, typed, printed or otherwise made), record, recording, graphic matter, tangible thing, photograph or electronically recorded matter, however produced or reproduced, including, but not limited to, correspondence, telegrams, telexes, or other written communications, contracts, statements, notes, drafts, transcripts, memoranda, reports, work papers, diaries, construction records, calendars, appointment books, meeting or visit minutes, studies, reviews, data, analyses, surveys, microfilm, information or data stored in computer or in electronic media, electronic documents, e-mail and electronic bulletin board messages, automatic computer back-up files, printouts of information stored or maintained by electronic data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), guidelines, ledgers, forecasts, projections, and any other writings upon which information is recorded or may be obtained.

7. "Complaint" means the lawsuit filed in the above-captioned case on March 16, 2018.

**FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. All documents referring or relating to communications between Plaintiff and/or its representatives and Defendants and/or their representatives.

**RESPONSE:**

2. All documents referring or relating to communications between any person <u>other</u> than Plaintiff and/or its representatives and Defendants and/or their representatives regarding the subject matter of Plaintiff's Complaint.

**RESPONSE:**

3. All correspondence, records, notes, drafts, reports, opinions, conclusions, and other documents of any expert you intend to call at trial, including, but not limited to, the entire original expert(s) file on this matter, including, but not limited to, any and all tests taken by or supplied by the expert(s); any and all documents relating to the evaluations and opinions and/or reports by other individuals including technical information and texts relied upon for the expert(s) opinions; all codes and standards that the expert(s) have consulted and intend to rely upon in support of their opinions; and all of the experts' current resumes, lists of publications and any information that relate to the qualifications of the expert.

**RESPONSE:**

4. All documents relating to other lawsuits filed by Plaintiff or involving Plaintiff.

**RESPONSE:**

5. All documents between March 2014 and March 2018 Plaintiff received from any electric supply provider.

**RESPONSE:**

6. All documents referred to or relied upon in answering LLC Defendants' First Set of Interrogatories.

**RESPONSE:**

7. All documents relating to any electric supply provider or other energy provider from whom Plaintiff or anyone in Plaintiff's household consented to receive calls between March 2014 and March 2018.

**RESPONSE:**

8. All documents received in response to any *Subpoena Duces Tecum* you have issued in this case.

**RESPONSE:**

9. All documents, including, but not limited to, any and all correspondence and emails, relating to the facts, matters, circumstances or allegations of the underlying claims included in the Complaint.

**RESPONSE:**

10. All documents, including, but not limited to, service provider contracts, bills, and audio recordings, from March 2014 to March 2018, related to the following telephone numbers: 508-966-███, 508-966-███, 978-877-███, and 617-997-███.

**RESPONSE:**

11. All documents relating to your Internet service provider(s) from March 2014 to present.

**RESPONSE:**

12. All documents relating to any call blocking application or call log/record-keeping program from March 2014 to present on the following telephone numbers: 508-966-███, 508-966-███, 978-877-███, and 617-997-███.

**RESPONSE:**

13. For each of LLC Defendants' Requests for Admissions in this case that you deny in whole or in part:

    a. Identify any document or thing or personal source you used in forming the basis, including, but not limited to, any specific basis, of your denial; and identify the last known custodian of each and every document or thing referenced; and

    b. Identify any and all persons or sources, including, but not limited to, documents you intend to offer in evidence to support the basis for the denial.

**RESPONSE:**

14.	All documents you intend to introduce or rely upon at trial or any evidentiary hearing in this case.

**RESPONSE:**

15.	All documents relating to the allegations in Paragraph 59 of the Complaint.

**RESPONSE:**

16.	All documents relating to the allegations in Paragraph 58 of the Complaint, including, but not limited to, documents relating to what "daily activities" Plaintiff's attention was diverted from and an itemization of damages for same.

**RESPONSE:**

17.	All documents relating to the allegations in Paragraph 53 of the Complaint.

**RESPONSE:**

18.	All documents relating to the allegations in Paragraph 50 of the Complaint.

**RESPONSE:**

**LIBERTY POWER CORP., LLC,**
**LIBERTY POWER HOLDINGS, LLC,**

By their attorneys,

*/s/ Jeffrey P. Brundage*
Charles A. Zdebski (*pro hac vice*)
Jeffrey P. Brundage (*pro hac vice*)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
1717 Pennsylvania Avenue, N.W.
12th Floor
Washington, DC  20006
Telephone:  202-659-6676
Facsimile:  202-659-6699
Email: czdebski@eckertseamans.com
Email:  jbrundage@eckertseamans.com