# EXHIBIT 6

Exhibits to Preston Declaration

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>            Hinkley,<br>      v.<br><br>LIBERTY POWER CORP., LLC, LIBERTY POWER HOLDINGS, LLC, Delaware limited liability companies, DAVID HERNANDEZ and ALBERTO DAIRE, individuals,<br><br>            Defendants. | No. 1:18-cv-10506<br><br>**NON-PARTY SHLEBY HINKLEY'S OBJECTIONS AND RESPONSES TO DEFENDANT LIBERTY POWER CORP.'S SUBPOENA** |

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Non-Party Shelby Hinkley ("Hinkley") hereby responds to Defendant Liberty Power Corp., LLC and Liberty Power Holdings, LLC's July 20, 2018 Subpoena for Production of Documents (the "Subpoena"). Hinkley's responses below are limited to what is required by Federal Rule 45. Hinkley's responses are based on the information and facts available to her as of the date of these responses. Hinkley reserves the right to object to the admissibility of these responses and any corresponding supplemental discovery response.

### General Objections

The following general objections ("General Objections") are incorporated by reference into each of the responses to the Subpoena below.

1.    These responses are made solely for the purpose of this action.  Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require the exclusion of such evidence if such evidence were offered in court, all of which objections and grounds are reserved, and may be interposed at the time of trial or otherwise.

2.    Hinkley objects to the Subpoena to the extent that it seeks to impose requirements

or obligations in excess of the scope of permissible discovery authorized by the Federal Rules of

Civil Procedure, the Civil Local Rules of the United States District Court for the District of

Massachusetts, or other any applicable court order or local rule. In particular:

a.    Hinkley objects to the Subpoena to the extent they purport to require a

response with respect to claiming privilege beyond Rule 26(b)(5)(A), or

paragraph 23 of the Court's May 25, 2018 Stipulated Protective Order

(ECF No. 20.) "Details concerning time, persons, general subject matter,

etc., . . . may be unduly burdensome when voluminous documents are

claimed to be privileged or protected, particularly if the items can be

described by categories." Fed. R. Civ. P. 26(b) advisory committee notes

on 1993 amendments (cited and followed in *Pub. Serv. Co. of NH v.*

*Portland Nat. Gas*, 218 F.R.D. 361, 364 n. 3 (D.N.H. 2003))

b.    Hinkley objects to the extent that the Subpoena purports to require the

production of electronically stored information which (i) is not reasonably

accessible, (ii) where it is possible for Defendants to obtain the same

information from some other source that is more convenient, less

burdensome, or less expensive; (iii) where the information is unreasonably

cumulative or duplicative; (iv) where Defendants have had ample

opportunity by discovery in the action to obtain the information sought;

and/or (v) the likely burden or expense of producing the requested

information outweighs the likely benefit, taking into account the amount

in controversy, the resources of the parties, the importance of the issues in

the litigation, and the importance of the requested information in resolving

the issues. In particular, Hinkley objects to producing electronically stored information which is not in Hinkley's possession, but in the possession of third parties but where Hinkley is unaware of the existence of or her access to such information.

3.      Hinkley further objects to the extent that the Subpoena seeks information subject to any privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Any inadvertent production of any document or information shall not be deemed or construed to constitute a waiver of any rights or privileges pertaining to such documents or information or to any other documents or information, and Hinkley reserves the right to demand that Defendants return any such document and all copies thereof, and that Defendants destroy any materials that contain information derived from any such document.

Hinkley asserts attorney-client privilege and work product over all communications (including emails, text messages, letters, paper/hard-copy, Word files, and pdf files) with and among her counsel in this case and regarding this case, beginning on or about July 20, 2016 and continuing through to the present. These communications all relate to the purpose of Hinkley's consultation with her counsel: responding to and defending against the Subpoena. These communications were all confidential. To the extent any of these communications included any individuals besides Hinkley and her counsel (such as experts, consultants, investigators, and process servers/legal support service providers engaged by counsel), those individuals' presence

either furthered the interest of Hinkley in the consultation, or disclosure to those individuals was reasonably necessary for the transmission of the information or the accomplishment of the purpose for which Hinkley's counsel was consulted.

Hinkley asserts attorney-client privilege and work product over all communications (including emails, text messages, letters, paper/hard-copy, Word files, and pdf files) with her counsel in *Katz v. Royal Seas, Inc.*, No. 1666CV000158 (Mass. Tr. Court, Milford Dist. Ct. Div.), John Fink, beginning on or about June 2016 and continuing through to October 2016. Mr. Fink estimates he has roughly 100 emails responsive to a keyword search for the *Royal Seas* case. Mr. Fink estimates that a majority or a very substantial portion of these emails and other communications took place between Hinkley and her counsel, or with others whose presence either furthered the interest of Hinkley in the consultation, or disclosure to those individuals was reasonably necessary for the transmission of the information or the accomplishment of the purpose for which Hinkley's counsel was consulted (such as experts, consultants, investigators, and process servers/legal support service providers engaged by counsel). All such communications were confidential and for the purpose of Hinkley's consultation with her counsel: litigating and obtaining relief on her claims against the defendants in the *Royal Seas* case.

Hinkley also asserts work product protection over her counsel's selection of documents which are in the public record and/or which are available to the general public, including documents accessible and available to the public, such as Defendants' website, the websites of other witnesses, government websites (including the PACER system or equivalent websites for state court, securities filings, records of the United States Patent and Trademark Office, and the Copyright Office), the public record in any judicial and administrative proceeding, government

publications, forms, reports, manuals, regulations, statutes or other laws, documents available through the Freedom of Information Act or state equivalents, UCC filings, corporate entity filings with the Secretary of State for any state (or equivalent filings), and records regarding title to and ownership of real property. Hinkley's counsel has collected and gathered these some or all of these documents in anticipation of litigation, and the production of such documents will disclose which documents Hinkley's counsel have selected for collection, which will tend to reveal the thoughts, strategies, and analyses of Hinkley's counsel.

Hinkley has been married since at least November 20, 2015 and communicates with her spouse constantly, many times per day on most days. The vast majority of these communications are confidential, and Hinkley asserts to the extent applicable any marital communication privilege, spousal privilege and/or spousal disqualification over these communications. Hinkley objects that the Subpoena is needlessly burdensome, harassing, and disproportionate to its likely benefit to the extent it purports to require Hinkley to provide details or information to assert privilege beyond what is set forth above.

4.      Hinkley objects to the Subpoena to the extent it seeks "all" responsive documents and would thereby require the production of duplicative and cumulative materials unnecessary to learn the information requested, and is therefore, and otherwise, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the likely benefit.

5.      Hinkley makes no incidental or implied admissions with regard to the contents of these responses. The fact that Hinkley has responded or objected to all or part of any individual category of the Subpoena, including those that use defined terms, does not constitute, and shall not be construed as, an admission that Hinkley (or any other person) accepts or admits the

existence of facts, including those incorporated in any definition, that may be alleged or assumed by the Subpoena.

6. Hinkley objects to that these objections shall not be construed as any kind of acceptance of service or waiver of personal service. Hinkley's counsel does not have authority to accept service of any further process or like papers at this time. Hinkley's counsel makes these objections in order to ensure all Hinkley's objections are preserved without ambiguity.

The objections set forth above are hereby incorporated in each individual response to the Subpoena set forth below, as if fully set forth, and shall be deemed to be continuing even though not specifically referred to in each category of the Subpoena to each specific request. No such objection is waived by answering the discovery request in whole or in part. Any response provided herein is subject to and limited by all General Objections stated herein.

<u>OBJECTIONS TO DEFENDANTS' SUBPOENA</u>

<u>SUBPOENA CATEGORY NO. 1:</u>

All documents, including, but not limited to, service provider contracts, bills, call logs, and audio recordings, from March 2014 to March 2018, referring to the following telephone numbers: 508-966-█████ 508-966-█████ 978-877-█████ and 617-997-█████

<u>RESPONSE:</u>

In addition to the General Objections set forth above, which are incorporated by reference herein, Hinkley objects that the phrase "referring to the following telephone numbers" renders the Subpoena vague and ambiguous, except to the extent the Subpoena is limited to documents specified in the Subpoena (service provider contracts, bills, and audio recordings), as well as call notifications. Otherwise, the Subpoena does not describe responsive items "with reasonable particularity," *cf*. Fed. R. Civ. P. 34(b)(1)(A); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192

F.R.D. 193, 202 (N.D. W.Va. 2000), and is disproportionate to any likely benefit, because it is so open-ended that Hinkley could not identify (let alone produce) all such putatively responsive documents without undue burden. *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003).

Hinkley objects that the Subpoena seeks documents which have no clear relevance to this case, needlessly infringe on her privacy, and impose a burden which is disproportionate to its likely benefit in this case. Hinkley objects that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks documents already in Defendants' possession or control, including documents Defendants obtained in responses to its own subpoenas or from Samuel Katz.

Hinkley objects to the extent that the Subpoena seeks information subject to any privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Hinkley will not produce privileged documents.

Hinkley further objects that her control over documents in her counsel's possession does not extend to documents which counsel obtained in the course of representing other clients, and which are controlled by those other clients. *See Poppino v. Jones Store Co.*, 1 F.R.D. 215, 219 (W.D. Mo. 1940).

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court granting any motion to bifurcate pending discovery. Defendants here have indicated they intend

to file such motion. Hinkley further objects, to the extent that the Court grants such motion in whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks information which is not relevant to the specific issues identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants served virtually identical discovery on her spouse, who is a party to the underlying proceeding before the issuing Court, and that the Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA class before the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive documents come under Hinkley's control subsequent to the service of this response, Hinkley reserves the right to assert additional, new, or different objections.


**SUBPOENA CATEGORY NO. 2:**

All documents referring to the internet service provider you used in 2016.

**RESPONSE:**

In addition to the General Objections set forth above, which are incorporated by reference herein, Hinkley objects that the phrase "referring to the internet service provider you used" renders the Subpoena vague and ambiguous, except to the extent the Subpoena is limited to account statements from the entity which provided Internet service to Hinkley's personal residence. Otherwise, the Subpoena does not describe responsive items "with reasonable particularity," *cf.* Fed. R. Civ. P. 34(b)(1)(A); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W.Va. 2000), and is disproportionate to any likely benefit, because it is so open-ended that Hinkley could not identify (let alone produce) all such putatively responsive

documents without undue burden. *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003).

Hinkley objects that the Subpoena seeks documents which have no clear relevance to this case, needlessly infringe on her privacy, and impose a burden which is disproportionate to its likely benefit in this case. The only conceivable connection Hinkley's Internet service provider(s) has to this case is the authenticity of any putative consent by Samuel Katz. Defendants' Rule 26(a)(1) disclosures do not identify any documents or persons with information relevant to consent. If Defendants had or could produce authentic evidence of consent, they could do so without identification of Hinkley's Internet service provider(s).

Hinkley objects that the Subpoena is overbroad to the extent it purports to require Hinkley to locate responsive documents in the public record or which are available to the general public, including documents Hinkley's Internet service provider makes available to the public via, e.g., their website. Samuel Katz's counsel may use any such documents during the course of this case, and the attorney work product doctrine protects from discovery counsel's selection of any particular subset of documents within that greater set of documents as potentially usable in litigating this case. *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985); *Disability Rights Council of Greater Washington v. Washington Metro. Transit Auth.*, 242 F.R.D. 139 (D.D.C. 2007). However, it is unduly burdensome for Hinkley to locate and produce even a small portion of the large number of documents which may be responsive and which are public records and/or publicly available. Hinkley will not produce such documents in response to this Subpoena.

Hinkley objects that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks documents already in Defendants' possession or control, including documents Defendants have or will produce in discovery, or

documents Defendants obtained in responses to its own subpoenas.

Hinkley objects to the extent that the Subpoena seeks information subject to any privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Hinkley will not produce privileged documents.

Hinkley further objects that her control over documents in her counsel's possession does not extend to documents which counsel obtained in the course of representing other clients, and which are controlled by those other clients. *See Poppino v. Jones Store Co.*, 1 F.R.D. 215, 219 (W.D. Mo. 1940).

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court granting any motion to bifurcate pending discovery. Defendants here have indicated they intend to file such motion. Hinkley further objects, to the extent that the Court grants such motion in whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks information which is not relevant to the specific issues identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants served virtually identical discovery on her spouse, who is a party to the underlying proceeding before the issuing Court, and that the Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA class before the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive

documents come under Hinkley's control subsequent to the service of this response, Hinkley reserves the right to assert additional, new, or different objections.

**SUBPOENA CATEGORY NO. 3:**

All documents referring to any lawsuit you have been involved with, whether as a party or witness or otherwise (e.g., third-party subpoena recipient).

**RESPONSE:**

In addition to the General Objections set forth above, which are incorporated by reference herein, Hinkley objects that the phrase "documents referring to any lawsuit you have been involved with" renders the Subpoena overbroad, vague, and ambiguous, except to the extent the Subpoena is limited to lawsuits in which Hinkley was a named party. Otherwise, it would encompass every lawsuit in which Hinkley was a witness or absent class member, even if she was unaware of such involvement or not. Hinkley objects that the phrase "documents referring to any lawsuit you have been involved with" renders the Subpoena vague and ambiguous, except to the extent the Subpoena is limited to documents filed in the public record. Otherwise, the Subpoena does not describe responsive items "with reasonable particularity," *cf.* Fed. R. Civ. P. 34(b)(1)(A); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W.Va. 2000), and is disproportionate to any likely benefit, because it is so open-ended that Hinkley could not identify (let alone produce) all such putatively responsive documents without undue burden. *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003). Hinkley further states Hinkley was a plaintiff in *Katz v. Royal Seas, Inc.*, No. 1666CV000158 (Mass. Tr. Court, Milford Dist. Ct. Div.) which involved substantial communications and some pleadings, in addition to whatever other documents Defendants may deem "referring" to such lawsuit, and

that the Subpoena is duplicative, harassing, and unduly burdensome because such pleadings were already produced to Defendants and have marginal relevance in any event. Production of these documents is not proportional to the needs of the case.

Hinkley objects that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks documents already in Defendants' possession or control, including documents Defendants have or will produce to Plaintiffs in discovery, or documents Defendants obtained in responses to its own subpoenas.

Hinkley objects to the extent that the Subpoena seeks information subject to any privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Hinkley will not produce privileged documents.

Hinkley further objects that her control over documents in her counsel's possession does not extend to documents which counsel obtained in the course of representing other clients, and which are controlled by those other clients. *See Poppino v. Jones Store Co.*, 1 F.R.D. 215, 219 (W.D. Mo. 1940).

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court granting any motion to bifurcate pending discovery. Defendants here have indicated they intend to file such motion. Hinkley further objects, to the extent that the Court grants such motion in whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks information which is not relevant to the specific issues

identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants served virtually identical discovery on her spouse, who is a party to the underlying proceeding before the issuing Court, and that the Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA class before the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive documents come under Hinkley's control subsequent to the service of this response, Hinkley reserves the right to assert additional, new, or different objections.

**SUBPOENA CATEGORY NO. 4:**

All documents, including but not limited to, any and all correspondence and emails, referring to the facts, matters, circumstances or allegations of the underlying claims included in the above-captioned Complaint. This request includes documents referring to Samuel Katz.

**RESPONSE:**

In addition to the General Objections set forth above, which are incorporated by reference herein, Hinkley objects that the phrase "referring to the facts, matters, circumstances or allegations of the underlying claims included in the above-captioned Complaint" renders the Subpoena vague and ambiguous. The Subpoena does not describe responsive items "with reasonable particularity," *cf.* Fed. R. Civ. P. 34(b)(1)(A); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W.Va. 2000), and is disproportionate to any likely benefit, because it is so open-ended that Hinkley could not identify (let alone produce) all such putatively responsive documents without undue burden. *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003).

Hinkley objects that the Subpoena is overbroad to the extent it purports to require Hinkley to locate responsive documents in the public record or which are available to the general public. Samuel Katz's counsel may use any such documents during the course of this case, and the attorney work product doctrine protects from discovery counsel's selection of any particular subset of documents within that greater set of documents as potentially usable in litigating this case. *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985); *Disability Rights Council of Greater Washington v. Washington Metro. Transit Auth.*, 242 F.R.D. 139 (D.D.C. 2007). However, it is unduly burdensome for Hinkley to locate and produce even a small portion of the large number of documents which may be responsive and which are public records and/or publicly available. Hinkley will not produce such documents in response to this Subpoena.

In addition, Hinkley objects this Subpoena is premature, needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it purports to require Hinkley to definitively attribute communications (including telemarketing calls) to Defendants and/or their telesales channels absent a reasonable opportunity to obtain relevant information via discovery. Samuel Katz was able to attribute calls from (508) 202-1270 to Defendants because of documents in the public record (including documents filed in the *McDermet v. Liberty Power Corp., LLC*, No. 18-10043 (D. Mass.) case). However, as the June 5, 2018 letter from DialogTech, Inc. substantiates, Defendants and/or their telesales channels spoofed telephone numbers in their telemarketing calls. Defendants and/or their telesales channels also failed to identify themselves. Due to these and other factors, Hinkley does not have access to equivalent information for calls from other numbers absent a reasonable opportunity to obtain such information via discovery.

Hinkley objects to the extent that the Subpoena seeks information subject to any

privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Hinkley will not produce privileged documents.

Hinkley further objects that her control over documents in her counsel's possession does not extend to documents which counsel obtained in the course of representing other clients, and which are controlled by those other clients. *See Poppino v. Jones Store Co.*, 1 F.R.D. 215, 219 (W.D. Mo. 1940).

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court granting any motion to bifurcate pending discovery. Defendants here have indicated they intend to file such motion. Hinkley further objects, to the extent that the Court grants such motion in whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks information which is not relevant to the specific issues identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants served virtually identical discovery on her spouse, who is a party to the underlying proceeding before the issuing Court, and that the Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA class before the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive documents come under Hinkley's control subsequent to the service of this response, Hinkley reserves the right to assert additional, new, or different objections.

**SUBPOENA CATEGORY NO. 5:**

All documents referring to Lynne Rhodes.

**RESPONSE:**

In addition to the General Objections set forth above, which are incorporated by reference herein, Hinkley objects that the phrase "referring to Lynne Rhodes" renders the Subpoena vague and ambiguous, except to the extent it is limited to documents which include Lynne Rhodes's name. The Subpoena does not describe responsive items "with reasonable particularity," *cf.* Fed. R. Civ. P. 34(b)(1)(A); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W.Va. 2000), and is disproportionate to any likely benefit, because it is so open-ended that Hinkley could not identify (let alone produce) all such putatively responsive documents without undue burden. *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003).

Hinkley objects that the Subpoena is overbroad to the extent it purports to require Hinkley to locate responsive documents in the public record or which are available to the general public. Samuel Katz's counsel may use any such documents during the course of this case, and the attorney work product doctrine protects from discovery counsel's selection of any particular subset of documents within that greater set of documents as potentially usable in litigating this case. *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985); *Disability Rights Council of Greater Washington v. Washington Metro. Transit Auth.*, 242 F.R.D. 139 (D.D.C. 2007). However, it is unduly burdensome for Hinkley to locate and produce even a small portion of the large number of documents which may be responsive and which are public records and/or publicly available. Hinkley will not produce such documents in response to this Subpoena.

Hinkley objects to the extent that the Subpoena seeks information subject to any

privilege, including, but not limited to, the attorney-client privilege, the attorney work product

doctrine, the common interest privilege, the marital communication and/or spousal privileges,

Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First

Amendment (or other right to privacy under the United States Constitution), or is otherwise

protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure,

or other applicable law. Hinkley will not produce privileged documents.

Hinkley further objects that her control over documents in her counsel's possession does

not extend to documents which counsel obtained in the course of representing other clients, and

which are controlled by those other clients. *See Poppino v. Jones Store Co.*, 1 F.R.D. 215, 219

(W.D. Mo. 1940).

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court

granting any motion to bifurcate pending discovery. Defendants here have indicated they intend

to file such motion. Hinkley further objects, to the extent that the Court grants such motion in

whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate

to its likely benefit to the extent it seeks information which is not relevant to the specific issues

identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants served virtually identical discovery on her

spouse, who is a party to the underlying proceeding before the issuing Court, and that the

Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA

class before the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive

documents come under Hinkley's control subsequent to the service of this response, Hinkley

reserves the right to assert additional, new, or different objections.

**SUBPOENA CATEGORY NO. 6:**

All documents referring to Alexander Braurman.

**RESPONSE:**

In addition to the General Objections set forth above, which are incorporated by reference herein, Hinkley objects that the phrase "referring to Alexander Braurman" renders the Subpoena vague and ambiguous, except to the extent it is limited to documents which include referring to Alexander Braurman's name. The Subpoena does not describe responsive items "with reasonable particularity," *cf.* Fed. R. Civ. P. 34(b)(1)(A); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W.Va. 2000), and is disproportionate to any likely benefit, because it is so open-ended that Hinkley could not identify (let alone produce) all such putatively responsive documents without undue burden. *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003).

Hinkley objects that the Subpoena is overbroad to the extent it purports to require Hinkley to locate responsive documents in the public record or which are available to the general public. Samuel Katz's counsel may use any such documents during the course of this case, and the attorney work product doctrine protects from discovery counsel's selection of any particular subset of documents within that greater set of documents as potentially usable in litigating this case. *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985); *Disability Rights Council of Greater Washington v. Washington Metro. Transit Auth.*, 242 F.R.D. 139 (D.D.C. 2007). However, it is unduly burdensome for Hinkley to locate and produce even a small portion of the large number of documents which may be responsive and which are public records and/or publicly available. Hinkley will not produce such documents in response to this Subpoena.

Hinkley objects to the extent that the Subpoena seeks information subject to any privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Hinkley will not produce privileged documents.

Hinkley further objects that her control over documents in her counsel's possession does not extend to documents which counsel obtained in the course of representing other clients, and which are controlled by those other clients. *See Poppino v. Jones Store Co.*, 1 F.R.D. 215, 219 (W.D. Mo. 1940).

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court granting any motion to bifurcate pending discovery. Defendants here have indicated they intend to file such motion. Hinkley further objects, to the extent that the Court grants such motion in whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks information which is not relevant to the specific issues identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants served virtually identical discovery on her spouse, who is a party to the underlying proceeding before the issuing Court, and that the Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA class before the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive documents come under Hinkley's control subsequent to the service of this response, Hinkley

reserves the right to assert additional, new, or different objections.

## SUBPOENA CATEGORY NO. 7:

All documents regarding *Katz v. Royal Seas, Inc.*, No. 1666-CV-000158 (Mass. Tr. Court, Milford Dist. Ct. Div.).

## RESPONSE:

In addition to the General Objections set forth above, which are incorporated by reference herein, Hinkley objects that the phrase "documents regarding *Katz v. Royal Seas, Inc.*, No. 1666-CV-000158 (Mass. Tr. Court, Milford Dist. Ct. Div.)" renders the Subpoena overbroad, vague, and ambiguous, except to the extent the Subpoena is limited to documents filed in the public record. Otherwise, the Subpoena does not describe responsive items "with reasonable particularity," *cf.* Fed. R. Civ. P. 34(b)(1)(A); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W.Va. 2000), and is disproportionate to any likely benefit, because it is so open-ended that Hinkley could not identify (let alone produce) all such putatively responsive documents without undue burden. *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003). Hinkley further states she was a plaintiff in *Katz v. Royal Seas, Inc.*, No. 1666CV000158 (Mass. Tr. Court, Milford Dist. Ct. Div.) which involved substantial communications and some pleadings, in addition to whatever other documents Defendants may deem "regarding" such lawsuit, and that the Subpoena is duplicative, harassing, and unduly burdensome because such pleadings were already produced to Defendants and have marginal relevance in any event. Production of these documents is not proportional to the needs of the case.

Hinkley objects that the Subpoena is needlessly burdensome, duplicative, and

disproportionate to its likely benefit to the extent it seeks documents already in Defendants'
possession or control, including documents Defendants have or will produce to Plaintiffs in
discovery, or documents Defendants obtained in responses to its own subpoenas.

Hinkley objects to the extent that the Subpoena seeks information subject to any
privilege, including, but not limited to, the attorney-client privilege, the attorney work product
doctrine, the common interest privilege, the marital communication and/or spousal privileges,
Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First
Amendment (or other right to privacy under the United States Constitution), or is otherwise
protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure,
or other applicable law. Hinkley will not produce privileged documents.

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court
granting any motion to bifurcate pending discovery. Defendants here have indicated they intend
to file such motion. Hinkley further objects, to the extent that the Court grants such motion in
whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate
to its likely benefit to the extent it seeks information which is not relevant to the specific issues
identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants served virtually identical discovery on her
spouse, who is a party to the underlying proceeding before the issuing Court, and that the
Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA
class before the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive
documents come under Hinkley's control subsequent to the service of this response, Hinkley
reserves the right to assert additional, new, or different objections.

**SUBPOENA CATEGORY NO. 8:**

All documents relating to the facts, matters, and circumstances regarding your physical location on September 8, 2016.

**RESPONSE:**

In addition to the General Objections set forth above, which are incorporated by reference herein, Hinkley objects that the phrase "documents relating to the facts, matters, and circumstances regarding your physical location on September 8, 2016" renders the Subpoena overbroad, vague, and ambiguous. The Subpoena does not describe responsive items "with reasonable particularity," *cf.* Fed. R. Civ. P. 34(b)(1)(A); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W.Va. 2000), and is disproportionate to any likely benefit, because it is so open-ended that Hinkley could not identify (let alone produce) all such putatively responsive documents without undue burden. *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003).

Hinkley objects that the Subpoena seeks documents which have no clear relevance to this case, needlessly infringe on her privacy, and impose a burden which is disproportionate to its likely benefit in this case. To the extent Hinkley's other objections do not foreclose this category of the Subpoena entirely, it should be limited to documents evidencing Hinkley's physically location at the times when Samuel Katz's (508) 966-███ telephone number received calls from (508) 202-1270 (between 12:17 and 12:36 pm).

Hinkley further objects that her control over documents in her counsel's possession does not extend to documents which counsel obtained in the course of representing other clients, and which are controlled by those other clients. *See Poppino v. Jones Store Co.*, 1 F.R.D. 215, 219

(W.D. Mo. 1940).

Hinkley objects that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks documents already in Defendants' possession or control, including documents Defendants have or will produce to Plaintiffs in discovery, or documents Defendants obtained in responses to its own subpoenas.

Hinkley objects to the extent that the Subpoena seeks information subject to any privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Hinkley will not produce privileged documents.

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court granting any motion to bifurcate pending discovery. Defendants here have indicated they intend to file such motion. Hinkley further objects, to the extent that the Court grants such motion in whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks information which is not relevant to the specific issues identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants served virtually identical discovery on her spouse, who is a party to the underlying proceeding before the issuing Court, and that the Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA class before the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive

documents come under Hinkley's control subsequent to the service of this response, Hinkley

reserves the right to assert additional, new, or different objections.


Dated: August 2, 2018                    By: _____
                                                        *e E. Parasmo*

                                              Yitzchak H. Lieberman
                                              ylieberman@parasmoliebermanlaw.com
                                              Grace E. Parasmo
                                              gparasmo@parasmoliebermanlaw.com
                                              **PARASMO LIEBERMAN LAW**
                                              7400 Hollywood Boulevard, Suite 505
                                              Los Angeles, California 90046
                                              Telephone: (917) 657-6857
                                              Facsimile: (877) 501-3346


                                              David C. Parisi
                                              dcparisi@parisihavens.com
                                              Suzanne Havens Beckman
                                              shavens@parisihavens.com
                                              **PARISI & HAVENS LLP**
                                              212 Marine Street, Unit 100
                                              Santa Monica, California 90405
                                              Telephone: (818) 990-1299
                                              Facsimile: (818) 501-7852


                                              Ethan Preston
                                              ep@eplaw.us
                                              **PRESTON LAW OFFICES**
                                              4054 McKinney Avenue, Suite 310
                                              Dallas, Texas 75204
                                              Telephone: (972) 564-8340
                                              Facsimile: (866) 509-1197


                                              *Attorneys for Hinkley Samuel Katz, on his own*
                                              *behalf, and behalf of all others similarly situated*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to 28 U.S.C. § 1746, I hereby certify that a copy of the foregoing document was this date served upon the parties below under Fed. R. Civ. P. 5(b) by causing a copy of the foregoing to be placed in the United States Mail, postage prepaid, and sent to their last known address as follows:

> Pamela C. Rutkowski
> Craig R. Waksler
> ECKERT SEAMANS CHERIN & MELLOTT, LLC
> 2 International Place, 16th Floor
> Boston, Massachusetts 02210
>
> Charles A Zdebski
> Jeffrey P. Brundage, Esq.
> ECKERT SEAMANS CHERIN & MELLOTT, LLC
> 1717 Pennsylvania Avenue, NW, 12th Floor
> Washington, District of Columbia 20006
>
> *Attorneys for Defendants*

Dated: August 2, 2018          By: _____*e E. Parasmo*_____

> Grace E. Parasmo
> gparasmo@parasmoliebermanlaw.com
> **PARASMO LIEBERMAN LAW**
> 7400 Hollywood Boulevard, Suite 505
> Los Angeles, California 90046
> Telephone: (917) 657-6857
> Facsimile: (877) 501-3346Ethan Preston
>
> *Attorneys for Hinkley Samuel Katz, on his own*
> *behalf, and behalf of all others similarly situated*