EXHIBIT 8

Exhibits to Preston Declaration

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ, ALEXANDER BRAURMAN, LYNNE RHODES, individually, and on their own behalf and on behalf of all others similarly situated, | No. 1:18-cv-10506 |
| Plaintiffs, | **NON-PARTY SHLEBY HINKLEY'S OBJECTIONS AND RESPONSES TO DEFENDANT LIBERTY POWER CORP.'S AUGUST 6, 2018 SUBPOENA** |
| v. | |
| LIBERTY POWER CORP., LLC, LIBERTY POWER HOLDINGS, LLC, Delaware limited liability companies, | |
| Defendants. | |
| LIBERTY POWER CORP., LLC, and LIBERTY POWER HOLDINGS, LLC, | |
| Third-Party Plaintiffs, | |
| v. | |
| MEZZI MARKETING, LLC, | |
| Third-Party Defendant. | |

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Non-Party Shelby Hinkley ("Hinkley") hereby responds to Defendant Liberty Power Corp., LLC and Liberty Power Holdings, LLC's August 6, 2018 Subpoena for Production of Documents (the "Subpoena"). Hinkley's responses below are limited to what is required by Federal Rule 45. Hinkley's responses are based on the information and facts available to her as of the date of these responses. Hinkley reserves the right to object to the admissibility of these responses and any corresponding supplemental discovery response.

### General Objections

The following general objections ("General Objections") are incorporated by reference into each of the responses to the Subpoena below.

1.     These responses are made solely for the purpose of this action.  Each response is

subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require the exclusion of such evidence if such evidence were offered in court, all of which objections and grounds are reserved, and may be interposed at the time of trial or otherwise.

2.     Hinkley objects to the Subpoena to the extent that it seeks to impose requirements or obligations in excess of the scope of permissible discovery authorized by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the District of Massachusetts, or other any applicable court order or local rule. In particular:

   a.     Hinkley objects to the Subpoena to the extent they purport to require a response with respect to claiming privilege beyond Rule 26(b)(5)(A), or paragraph 23 of the Court's May 25, 2018 Stipulated Protective Order (ECF No. 20.) "Details concerning time, persons, general subject matter, etc., . . . may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories." Fed. R. Civ. P. 26(b) advisory committee notes on 1993 amendments (cited and followed in *Pub. Serv. Co. of NH v. Portland Nat. Gas*, 218 F.R.D. 361, 364 n. 3 (D.N.H. 2003))

   b.     Hinkley objects to the extent that the Subpoena purports to require the production of electronically stored information which (i) is not reasonably accessible, (ii) where it is possible for Defendants to obtain the same information from some other source that is more convenient, less burdensome, or less expensive; (iii) where the information is unreasonably cumulative or duplicative; (iv) where Defendants have had ample

opportunity by discovery in the action to obtain the information sought; and/or (v) the likely burden or expense of producing the requested information outweighs the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation, and the importance of the requested information in resolving the issues. In particular, Hinkley objects to producing electronically stored information which is not in Hinkley's possession, but in the possession of third parties but where Hinkley is unaware of the existence of or her access to such information.

3.      Hinkley further objects to the extent that the Subpoena seeks information subject to any privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Any inadvertent production of any document or information shall not be deemed or construed to constitute a waiver of any rights or privileges pertaining to such documents or information or to any other documents or information, and Hinkley reserves the right to demand that Defendants return any such document and all copies thereof, and that Defendants destroy any materials that contain information derived from any such document.

Hinkley asserts attorney-client privilege and work product over all communications (including emails, text messages, letters, paper/hard-copy, Word files, and pdf files) with and among her counsel in this case and regarding this case, beginning on or about July 20, 2016 and

continuing through to the present. These communications all relate to the purpose of Hinkley's consultation with her counsel: responding to and defending against the Subpoena. These communications were all confidential. To the extent any of these communications included any individuals besides Hinkley and her counsel (such as experts, consultants, investigators, and process servers/legal support service providers engaged by counsel), those individuals' presence either furthered the interest of Hinkley in the consultation, or disclosure to those individuals was reasonably necessary for the transmission of the information or the accomplishment of the purpose for which Hinkley's counsel was consulted.

Hinkley asserts attorney-client privilege and work product over all communications (including emails, text messages, letters, paper/hard-copy, Word files, and pdf files) with her counsel in *Katz v. Royal Seas, Inc.*, No. 1666CV000158 (Mass. Tr. Court, Milford Dist. Ct. Div.), John Fink, beginning on or about June 2016 and continuing through to October 2016. Mr. Fink estimates he has roughly 100 emails responsive to a keyword search for the *Royal Seas* case. Mr. Fink estimates that a majority or a very substantial portion of these emails and other communications took place between Hinkley and her counsel, or with others whose presence either furthered the interest of Hinkley in the consultation, or disclosure to those individuals was reasonably necessary for the transmission of the information or the accomplishment of the purpose for which Hinkley's counsel was consulted (such as experts, consultants, investigators, and process servers/legal support service providers engaged by counsel). All such communications were confidential and for the purpose of Hinkley's consultation with her counsel: litigating and obtaining relief on her claims against the defendants in the *Royal Seas* case.

Hinkley also asserts work product protection over her counsel's selection of documents

which are in the public record and/or which are available to the general public, including documents accessible and available to the public, such as Defendants' website, the websites of other witnesses, government websites (including the PACER system or equivalent websites for state court, securities filings, records of the United States Patent and Trademark Office, and the Copyright Office), the public record in any judicial and administrative proceeding, government publications, forms, reports, manuals, regulations, statutes or other laws, documents available through the Freedom of Information Act or state equivalents, UCC filings, corporate entity filings with the Secretary of State for any state (or equivalent filings), and records regarding title to and ownership of real property. Hinkley's counsel has collected and gathered these some or all of these documents in anticipation of litigation, and the production of such documents will disclose which documents Hinkley's counsel have selected for collection, which will tend to reveal the thoughts, strategies, and analyses of Hinkley's counsel.

Hinkley has been married since at least November 20, 2015 and communicates with her spouse constantly, many times per day on most days. The vast majority of these communications are confidential, and Hinkley asserts to the extent applicable any marital communication privilege, spousal privilege and/or spousal disqualification over these communications. Hinkley objects that the Subpoena is needlessly burdensome, harassing, and disproportionate to its likely benefit to the extent it purports to require Hinkley to provide details or information to assert privilege beyond what is set forth above.

4.      Hinkley objects to the Subpoena to the extent it seeks "all" responsive documents and would thereby require the production of duplicative and cumulative materials unnecessary to learn the information requested, and is therefore, and otherwise, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to

the likely benefit.

5.      Hinkley makes no incidental or implied admissions with regard to the contents of these responses. The fact that Hinkley has responded or objected to all or part of any individual category of the Subpoena, including those that use defined terms, does not constitute, and shall not be construed as, an admission that Hinkley (or any other person) accepts or admits the existence of facts, including those incorporated in any definition, that may be alleged or assumed by the Subpoena.

6.      Hinkley objects to that these objections shall not be construed as any kind of acceptance of service or waiver of personal service. Hinkley's counsel does not have authority to accept service of any further process or like papers at this time. Hinkley's counsel makes these objections in order to ensure all Hinkley's objections are preserved without ambiguity.

The objections set forth above are hereby incorporated in each individual response to the Subpoena set forth below, as if fully set forth, and shall be deemed to be continuing even though not specifically referred to in each category of the Subpoena to each specific request. No such objection is waived by answering the discovery request in whole or in part. Any response provided herein is subject to and limited by all General Objections stated herein.

## OBJECTIONS TO DEFENDANTS' SUBPOENA

## SUBPOENA CATEGORY NO. 1:

All service provider contracts, bills, account statements, call logs, audio recordings, and call notifications from 2016 for following telephone numbers: 508-966-███, 508-966-███, 978-877-███, and 617-997-███.

## RESPONSE:

In addition to the General Objections set forth above, which are incorporated by reference

herein, Hinkley objects that the Subpoena seeks documents which have no clear relevance to this case, needlessly infringe on her privacy, and impose a burden which is disproportionate to its likely benefit in this case. Hinkley objects that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks documents already in Defendants' possession or control, including documents Defendants obtained in responses to its own subpoenas or from Samuel Katz.

Hinkley objects to the extent that the Subpoena seeks information subject to any privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Hinkley will not produce privileged documents.

Hinkley further objects that her control over documents in her counsel's possession does not extend to documents which counsel obtained in the course of representing other clients, and which are controlled by those other clients. *See Poppino v. Jones Store Co.*, 1 F.R.D. 215, 219 (W.D. Mo. 1940).

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court granting any motion to bifurcate pending discovery. Defendants here have indicated they intend to file such motion. Hinkley further objects, to the extent that the Court grants such motion in whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks information which is not relevant to the specific issues identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants previously served virtually identical discovery on her spouse, who is a party to the underlying proceeding before the issuing Court, and a subpoena seeking virtually identical documents on or about July 27, 2018, and that the Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA class before the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive documents come under Hinkley's control subsequent to the service of this response, Hinkley reserves the right to assert additional, new, or different objections.

## SUBPOENA CATEGORY NO. 2:

All internet account statements and contracts for the internet service provider(s) you used at your residence in 2016.

### RESPONSE:

In addition to the General Objections set forth above, which are incorporated by reference herein, Hinkley objects that the Subpoena seeks documents which have no clear relevance to this case, needlessly infringe on her privacy, and impose a burden which is disproportionate to its likely benefit in this case. The only conceivable connection Hinkley's Internet service provider(s) has to this case is the authenticity of any putative consent by Samuel Katz. Defendants' Rule 26(a)(1) disclosures do not identify any documents or persons with information relevant to consent. If Defendants had or could produce authentic evidence of consent, they could do so without identification of Hinkley's Internet service provider(s).

Hinkley objects that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks documents already in Defendants'

possession or control, including documents Defendants have or will produce in discovery, or documents Defendants obtained in responses to its own subpoenas.

Hinkley objects to the extent that the Subpoena seeks information subject to any privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Hinkley will not produce privileged documents.

Hinkley further objects that her control over documents in her counsel's possession does not extend to documents which counsel obtained in the course of representing other clients, and which are controlled by those other clients. *See Poppino v. Jones Store Co.*, 1 F.R.D. 215, 219 (W.D. Mo. 1940).

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court granting any motion to bifurcate pending discovery. Defendants here have indicated they intend to file such motion. Hinkley further objects, to the extent that the Court grants such motion in whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks information which is not relevant to the specific issues identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants previously served virtually identical discovery on her spouse, who is a party to the underlying proceeding before the issuing Court, and a subpoena seeking virtually identical documents on or about July 27, 2018, and that the Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA class before

the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive documents come under Hinkley's control subsequent to the service of this response, Hinkley reserves the right to assert additional, new, or different objections.

## SUBPOENA CATEGORY NO. 3:

All documents from any lawsuit in which you were a party, a witness, were a subpoena recipient, provided testimony, or provided documents.

## RESPONSE:

In addition to the General Objections set forth above, which are incorporated by reference herein, Hinkley objects that the Subpoena seeks documents which have no clear relevance to this case, needlessly infringe on her privacy, and impose a burden which is disproportionate to its likely benefit in this case. The only conceivable purpose for discovery on any litigation in which Hinkley was or was not involved, without any connection to Plaintiff Samuel Katz, or even the Telephone Consumer Protection Act, is for Defendants to search for putative contradictions or putative wrongdoing. Plaintiffs object that the Subpoena cannot be enforced because it "amount[s] to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses." *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004).

Hinkley objects that the phrases "from any lawsuit," "witness," "provided testimony," and "provided documents" render the Subpoena overbroad, vague, and ambiguous, except to the extent the Subpoena is limited to documents (1) filed in the public record in any lawsuits in which Hinkley was a named party, or was a witness who gave sworn testimony either in a

declaration or at trial, or (2) subpoenas which Hinkley received. Otherwise, the Subpoena encompasses every lawsuit in which Hinkley was a witness or absent class member, even if she was unaware of such involvement or not, and does not describe responsive items "with reasonable particularity," *cf.* Fed. R. Civ. P. 34(b)(1)(A); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W.Va. 2000), and is disproportionate to any likely benefit, because it is so open-ended that Hinkley could not identify (let alone produce) all such putatively responsive documents without undue burden. *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003). Hinkley further states Hinkley was a plaintiff in *Katz v. Royal Seas, Inc.*, No. 1666CV000158 (Mass. Tr. Court, Milford Dist. Ct. Div.) and received Defendants' July 27, 2018 subpoena in this case, both of which involved substantial communications and some pleadings, in addition to whatever other documents Defendants may deem "from" such lawsuit, and that the Subpoena is duplicative, harassing, and unduly burdensome because such pleadings were already produced to Defendants and have marginal relevance in any event. Production of these documents is not proportional to the needs of the case.

Hinkley objects that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks documents already in Defendants' possession or control, including documents Defendants have or will produce to Plaintiffs in discovery, or documents Defendants obtained in responses to its own subpoenas. In particular, Hinkley objects that Defendants' July 27, 2018 subpoena is responsive to the instant Subpoena, and that production of the July 27, 2018 subpoena is plainly needlessly burdensome, duplicative, and disproportionate to its likely benefit. Defendants' request for their own July 27, 2018 subpoena alone demonstrates that Defendants have not taken "reasonable steps to avoid imposing undue burden or expense" to Hinkley, in violation of Rule 45(d)(1).

Hinkley objects to the extent that the Subpoena seeks information subject to any privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Hinkley will not produce privileged documents.

Hinkley further objects that her control over documents in her counsel's possession does not extend to documents which counsel obtained in the course of representing other clients, and which are controlled by those other clients. *See Poppino v. Jones Store Co.*, 1 F.R.D. 215, 219 (W.D. Mo. 1940).

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court granting any motion to bifurcate pending discovery. Defendants here have indicated they intend to file such motion. Hinkley further objects, to the extent that the Court grants such motion in whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks information which is not relevant to the specific issues identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants previously served virtually identical discovery on her spouse, who is a party to the underlying proceeding before the issuing Court, and a subpoena seeking virtually identical documents on or about July 27, 2018, and that the Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA class before the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive

documents come under Hinkley's control subsequent to the service of this response, Hinkley reserves the right to assert additional, new, or different objections.

## SUBPOENA CATEGORY NO. 4:

All written communications between you and Samuel Katz referring to the above-captioned lawsuit. If you choose to assert privilege, please provide a privilege log.

## RESPONSE:

In addition to the General Objections set forth above, which are incorporated by reference herein, Hinkley objects that the phrase "referring to the above-captioned lawsuit" renders the Subpoena vague and ambiguous, except to the extent the Subpoena is limited to communications referring to the events in the course of the litigation of the above-captioned case. Otherwise, the Subpoena does not describe responsive items "with reasonable particularity," *cf.* Fed. R. Civ. P. 34(b)(1)(A); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W.Va. 2000), and is disproportionate to any likely benefit, because it is so open-ended that Hinkley could not identify (let alone produce) all such putatively responsive documents without undue burden. *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003).

Hinkley objects to the extent that the Subpoena seeks information subject to any privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Hinkley will not produce privileged documents. Hinkley further objects

that the request for a privilege log beyond what has been provided is inconsistent with Rule 26(b)(5)(A), or paragraph 23 of the Court's May 25, 2018 Stipulated Protective Order (ECF No. 20), and is intended to intimidate, harass, and burden Hinkley and her counsel. *See* Fed. R. Civ. P. 26(b) advisory committee notes on 1993 amendments; *Pub. Serv. Co. of NH v. Portland Nat. Gas*, 218 F.R.D. 361, 364 n. 3 (D.N.H. 2003).

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court granting any motion to bifurcate pending discovery. Defendants here have indicated they intend to file such motion. Hinkley further objects, to the extent that the Court grants such motion in whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks information which is not relevant to the specific issues identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants previously served virtually identical discovery on her spouse, who is a party to the underlying proceeding before the issuing Court, and a subpoena seeking virtually identical documents on or about July 27, 2018, and that the Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA class before the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive documents come under Hinkley's control subsequent to the service of this response, Hinkley reserves the right to assert additional, new, or different objections.

## SUBPOENA CATEGORY NO. 5:

All documents with the name Lynne Rhodes.

## RESPONSE:

In addition to the General Objections set forth above, which are incorporated by reference herein, Hinkley objects that the phrase "with the name Lynne Rhodes" renders the Subpoena vague and ambiguous, except to the extent it is limited to documents which include Lynne Rhodes's name. The Subpoena does not describe responsive items "with reasonable particularity," *cf.* Fed. R. Civ. P. 34(b)(1)(A); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W.Va. 2000), and is disproportionate to any likely benefit, because it is so open-ended that Hinkley could not identify (let alone produce) all such putatively responsive documents without undue burden. *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003).

Hinkley objects that the Subpoena is overbroad to the extent it purports to require Hinkley to locate responsive documents in the public record or which are available to the general public. Samuel Katz's counsel may use any such documents during the course of this case, and the attorney work product doctrine protects from discovery counsel's selection of any particular subset of documents within that greater set of documents as potentially usable in litigating this case. *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985); *Disability Rights Council of Greater Washington v. Washington Metro. Transit Auth.*, 242 F.R.D. 139 (D.D.C. 2007). However, it is unduly burdensome for Hinkley to locate and produce even a small portion of the large number of documents which may be responsive and which are public records and/or publicly available. Hinkley will not produce such documents in response to this Subpoena.

Hinkley objects to the extent that the Subpoena seeks information subject to any privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First

Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Hinkley will not produce privileged documents.

Hinkley further objects that her control over documents in her counsel's possession does not extend to documents which counsel obtained in the course of representing other clients, and which are controlled by those other clients. *See Poppino v. Jones Store Co.*, 1 F.R.D. 215, 219 (W.D. Mo. 1940).

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court granting any motion to bifurcate pending discovery. Defendants here have indicated they intend to file such motion. Hinkley further objects, to the extent that the Court grants such motion in whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks information which is not relevant to the specific issues identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants previously served virtually identical discovery on her spouse, who is a party to the underlying proceeding before the issuing Court, and a subpoena seeking virtually identical documents on or about July 27, 2018, and that the Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA class before the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive documents come under Hinkley's control subsequent to the service of this response, Hinkley reserves the right to assert additional, new, or different objections.

**SUBPOENA CATEGORY NO. 6:**

All documents with the name Alexander Braurman.

**RESPONSE:**

In addition to the General Objections set forth above, which are incorporated by reference herein, Hinkley objects that the phrase "with the name Alexander Braurman" renders the Subpoena vague and ambiguous, except to the extent it is limited to documents which include Alexander Braurman's name. The Subpoena does not describe responsive items "with reasonable particularity," *cf.* Fed. R. Civ. P. 34(b)(1)(A); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W.Va. 2000), and is disproportionate to any likely benefit, because it is so open-ended that Hinkley could not identify (let alone produce) all such putatively responsive documents without undue burden. *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003).

Hinkley objects that the Subpoena is overbroad to the extent it purports to require Hinkley to locate responsive documents in the public record or which are available to the general public. Samuel Katz's counsel may use any such documents during the course of this case, and the attorney work product doctrine protects from discovery counsel's selection of any particular subset of documents within that greater set of documents as potentially usable in litigating this case. *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985); *Disability Rights Council of Greater Washington v. Washington Metro. Transit Auth.*, 242 F.R.D. 139 (D.D.C. 2007). However, it is unduly burdensome for Hinkley to locate and produce even a small portion of the large number of documents which may be responsive and which are public records and/or publicly available. Hinkley will not produce such documents in response to this Subpoena.

Hinkley objects to the extent that the Subpoena seeks information subject to any

privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Hinkley will not produce privileged documents.

Hinkley further objects that her control over documents in her counsel's possession does not extend to documents which counsel obtained in the course of representing other clients, and which are controlled by those other clients. *See Poppino v. Jones Store Co.*, 1 F.R.D. 215, 219 (W.D. Mo. 1940).

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court granting any motion to bifurcate pending discovery. Defendants here have indicated they intend to file such motion. Hinkley further objects, to the extent that the Court grants such motion in whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks information which is not relevant to the specific issues identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants previously served virtually identical discovery on her spouse, who is a party to the underlying proceeding before the issuing Court, and a subpoena seeking virtually identical documents on or about July 27, 2018, and that the Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA class before the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive documents come under Hinkley's control subsequent to the service of this response, Hinkley

reserves the right to assert additional, new, or different objections.

## SUBPOENA CATEGORY NO. 7:

All documents with the case caption *Katz v. Royal Seas, Inc.*, No. 1666-CV-000158 (Mass. Tr. Court, Milford Dist. Ct. Div.). This request includes interrogatories responses for all parties, document request responses for all parties, and responses to requests for admission for all parties.

## RESPONSE:

In addition to the General Objections set forth above, which are incorporated by reference herein, Hinkley objects that the phrase "with the case caption *Katz v. Royal Seas, Inc.*, No. 1666-CV-000158 (Mass. Tr. Court, Milford Dist. Ct. Div.)" renders the Subpoena overbroad, vague, and ambiguous, except to the extent the Subpoena is limited to documents where the first page of such documents contains the caption (including the names of the parties, the name of the court, the docket number, and the title of the document itself) for *Katz v. Royal Seas, Inc.*, No. 1666-CV-000158 (Mass. Tr. Court, Milford Dist. Ct. Div.), consistent with the requirements of Massachusetts Rule of Civil Procedure 10(a), and to the specific documents identified in the Subpoena (interrogatories responses, document request responses, and responses to requests for admission). Otherwise, the Subpoena does not describe responsive items "with reasonable particularity," *cf.* Fed. R. Civ. P. 34(b)(1)(A); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W.Va. 2000), and is disproportionate to any likely benefit, because it is so open-ended that Hinkley could not identify (let alone produce) all such putatively responsive documents without undue burden. *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003). Hinkley further states she was a plaintiff in *Katz v. Royal Seas, Inc.*, No.

1666CV000158 (Mass. Tr. Court, Milford Dist. Ct. Div.) which involved substantial communications and some pleadings, in addition to whatever other documents Defendants may deem to be "with" such case caption, and that the Subpoena is duplicative, harassing, and unduly burdensome because such pleadings were already produced to Defendants and have marginal relevance in any event. Production of these documents is not proportional to the needs of the case.

Hinkley objects that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks documents already in Defendants' possession or control, including documents Defendants have or will produce to Plaintiffs in discovery, or documents Defendants obtained in responses to its own subpoenas.

Hinkley objects to the extent that the Subpoena seeks information subject to any privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Hinkley will not produce privileged documents.

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court granting any motion to bifurcate pending discovery. Defendants here have indicated they intend to file such motion. Hinkley further objects, to the extent that the Court grants such motion in whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks information which is not relevant to the specific issues identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants previously served virtually identical discovery on her spouse, who is a party to the underlying proceeding before the issuing Court, and a subpoena seeking virtually identical documents on or about July 27, 2018, and that the Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA class before the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive documents come under Hinkley's control subsequent to the service of this response, Hinkley reserves the right to assert additional, new, or different objections.

## SUBPOENA CATEGORY NO. 8:

Any document that is relevant to your physical location September 8, 2016.

## RESPONSE:

In addition to the General Objections set forth above, which are incorporated by reference herein, Hinkley objects that the phrase "relevant to your physical location September 8, 2016" renders the Subpoena overbroad, vague, ambiguous, and unintelligible. The Subpoena does not describe responsive items "with reasonable particularity," *cf.* Fed. R. Civ. P. 34(b)(1)(A); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W.Va. 2000), and is disproportionate to any likely benefit, because it is so open-ended that Hinkley could not identify (let alone produce) all such putatively responsive documents without undue burden. *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003).

Hinkley objects that the Subpoena seeks documents which have no clear relevance to this case, needlessly infringe on her privacy, and impose a burden which is disproportionate to its likely benefit in this case. To the extent Hinkley's other objections do not foreclose this category

of the Subpoena entirely, it should be limited to documents evidencing Hinkley's physically location at the times when Samuel Katz's (508) 966-███ telephone number received calls from (508) 202-1270 (between 12:17 and 12:36 pm).

Hinkley further objects that her control over documents in her counsel's possession does not extend to documents which counsel obtained in the course of representing other clients, and which are controlled by those other clients. *See Poppino v. Jones Store Co.*, 1 F.R.D. 215, 219 (W.D. Mo. 1940).

Hinkley objects that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks documents already in Defendants' possession or control, including documents Defendants have or will produce to Plaintiffs in discovery, or documents Defendants obtained in responses to its own subpoenas.

Hinkley objects to the extent that the Subpoena seeks information subject to any privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Hinkley will not produce privileged documents.

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court granting any motion to bifurcate pending discovery. Defendants here have indicated they intend to file such motion. Hinkley further objects, to the extent that the Court grants such motion in whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks information which is not relevant to the specific issues

identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants previously served virtually identical discovery on her spouse, who is a party to the underlying proceeding before the issuing Court, and a subpoena seeking virtually identical documents on or about July 27, 2018, and that the Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA class before the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive documents come under Hinkley's control subsequent to the service of this response, Hinkley reserves the right to assert additional, new, or different objections.

## SUBPOENA CATEGORY NO. 8:

All written communications between you and Samuel Katz regarding the Telephone Consumer Protection Act prior to your date of marriage. This request includes email communications regarding lawsuits Mr. Katz was a party to.

### RESPONSE:

In addition to the General Objections set forth above, which are incorporated by reference herein, Hinkley objects that the phrase "regarding the Telephone Consumer Protection Act" renders the Subpoena vague and ambiguous, except to the extent the Subpoena is limited to communications concerning the federal statute at 47 U.S.C. § 227, and lawsuits alleging claims under 47 U.S.C. § 227 to which Samuel Katz was a party. Otherwise, the Subpoena does not describe responsive items "with reasonable particularity," *cf.* Fed. R. Civ. P. 34(b)(1)(A); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W.Va. 2000), and is disproportionate to any likely benefit, because it is so open-ended that Hinkley could not identify

(let alone produce) all such putatively responsive documents without undue burden. *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003).

Hinkley objects to the extent that the Subpoena seeks information subject to any privilege, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the marital communication and/or spousal privileges, Rule 26(b)(3), Rule 26(b)(4), the associational privacy privilege against discovery under the First Amendment (or other right to privacy under the United States Constitution), or is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable law. Hinkley will not produce privileged documents.

Hinkley objects to the Subpoena as inconsistent with any order by the issuing Court granting any motion to bifurcate pending discovery. Defendants here have indicated they intend to file such motion. Hinkley further objects, to the extent that the Court grants such motion in whole or in part, that the Subpoena is needlessly burdensome, duplicative, and disproportionate to its likely benefit to the extent it seeks information which is not relevant to the specific issues identified in the motion to bifurcate discovery.

Hinkley further objects that Defendants previously served virtually identical discovery on her spouse, who is a party to the underlying proceeding before the issuing Court, and a subpoena seeking virtually identical documents on or about July 27, 2018, and that the Subpoena is intended to harass and intimidate her, to chill her spouse's representation of a TCPA class before the issuing Court.

Hinkley will not produce responsive documents. To the extent that additional responsive documents come under Hinkley's control subsequent to the service of this response, Hinkley reserves the right to assert additional, new, or different objections.

Dated: August 20, 2018                By: _____

                                      Yitzchak H. Lieberman
                                      ylieberman@parasmoliebermanlaw.com
                                      Grace E. Parasmo
                                      gparasmo@parasmoliebermanlaw.com
                                      **PARASMO LIEBERMAN LAW**
                                      7400 Hollywood Boulevard, Suite 505
                                      Los Angeles, California 90046
                                      Telephone: (917) 657-6857
                                      Facsimile: (877) 501-3346

                                      David C. Parisi
                                      dcparisi@parisihavens.com
                                      Suzanne Havens Beckman
                                      shavens@parisihavens.com
                                      **PARISI & HAVENS LLP**
                                      212 Marine Street, Unit 100
                                      Santa Monica, California 90405
                                      Telephone: (818) 990-1299
                                      Facsimile: (818) 501-7852

                                      Ethan Preston
                                      ep@eplaw.us
                                      **PRESTON LAW OFFICES**
                                      4054 McKinney Avenue, Suite 310
                                      Dallas, Texas 75204
                                      Telephone: (972) 564-8340
                                      Facsimile: (866) 509-1197

                                      *Attorneys for Shelby Hinkley*

## CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, I hereby certify that a copy of the foregoing document was this date served upon the parties below under Fed. R. Civ. P. 5(b) by causing a copy of the foregoing to be placed in the United States Mail, postage prepaid, and sent to their last known address as follows:

Pamela C. Rutkowski
Craig R. Waksler
ECKERT SEAMANS CHERIN & MELLOTT, LLC
2 International Place, 16th Floor
Boston, Massachusetts 02210

Charles A Zdebski
Jeffrey P. Brundage, Esq.
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, NW, 12th Floor
Washington, District of Columbia 20006

*Attorneys for Defendants*

Dated: August 20, 2018          By: _____

Ethan Preston
ep@eplaw.us
**PRESTON LAW OFFICES**
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Shelby Hinkley*