UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHELBY HINKLEY,<br><br>          Movant,<br><br>v.<br><br>LIBERTY POWER CORP., LLC,<br>LIBERTY POWER HOLDINGS, LLC,<br>Delaware limited liability companies,<br><br>          Respondents. | No. 1:18-mc-00203-JCN<br><br>**NON-PARTY SHELBY HINKLEY'S EMERGENCY REQUEST TO CONTINUE HER DEPOSITION BY RESPONDENTS OR, IN THE ALTERNATIVE, FOR EXPEDITED BRIEFING, AND FOR OTHER RELIEF**<br><br>Deposition Set For: September 12, 2018 |

    Non-Party Movant Shelby Hinkley ("Hinkley") hereby requests the Court continue the deadline to appear for her deposition by Respondents Liberty Power Corp., LLC and Liberty Power Holdings, LLC ("Liberty") pursuant to Federal Rule 6(b), and for other relief under Local Rule 83.1, and states as follows in support thereof:

    1.    **Background:** On or about August 6, 2018, Liberty served a subpoena with notice of deposition on Hinkley. (*See* ECF No. 1-10.) The subpoena noticed Hinkley's deposition for September 12, 2018 in Bangor, Maine (the "Deposition"). (*See id.*) On August 30, 2018, Hinkley filed her motion for a protective order quashing the deposition subpoena (the "Motion"). (*See* ECF No. 1.)

    2.    **Hinkley Seeks Relief from the Court:** Hinkley now requests relief from the Court in connection with the pending Motion and the Deposition, including: (a) excusing Hinkley's counsel from traveling to Bangor to appear before the Court in person; and either (b) continuing the date of the Deposition until after the Court has resolved the pending Motion; or (c) ordering expedited briefing on the Motion, so it is resolved prior to the Deposition.

    3.    **The Court Should Excuse Hinkley's Counsel from Appearing in Person:** Local Rule 83.1(c)(1) provides in relevant part that "[l]ocal counsel's attendance at any

proceeding before a judicial officer is required unless excused by the Court, which should freely grant such leave upon request." Judy Potter is Hinkley's local counsel, and she resides in Cape Elizabeth—a two hour drive to the courthouse in Bangor. Hinkley's other counsel are in Dallas, Texas, or even further away. Hinkley seeks relief from the burden and expense attendant to having her counsel attend hearings before the Court in person, and in particular having her local counsel travel back and forth between Cape Elizabeth and Bangor.

4.  **Hinkley Also Seeks Relief from the September 12 Deposition:** Under the ordinary operation of Local Rule 7, Liberty's opposition is due 21 days from the filing of the Motion (September 21), and Hinkley's reply is due 14 days after that (October 5). The Deposition is now set for September 12, 2018—eight days from today. The relief sought in the Motion would be moot if Hinkley attended the Deposition while the Motion is pending.

5.  On August 31, 2018, Counsel for Hinkley and Liberty met and conferred regarding continuing the Deposition. Liberty declined to continue the Deposition absent Hinkley acquiescing to the transfer of this motion to the District of Massachusetts. Hinkley declines to consent to the transfer of this Motion to the District of Massachusetts, and disputes that the Motion otherwise presents "exceptional circumstances" under Rule 45(f). *Cf.* Fed. R. Civ. P. 45(f) advisory committee notes on 2013 amendment. On September 4, 2018, Hinkley's counsel advised Liberty's counsel that Hinkley would "apply to the Court for relief from the [D]eposition (for expedited briefing or, in the alternative, to continue the deposition until after the court resolves the pending motion)," and asked Liberty's counsel to please advise "at [its] earliest opportunity if Liberty will agree to take the deposition off calendar." Liberty's counsel indicated it would "endeavor to have an answer . . . tomorrow." At the time Hinkley's counsel signed this request, no such answer has been received.

6. **The Court Should Continue the Deposition Until It Resolves the Motion:**
Federal Rule 6 provides "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). *Cf. White v. Swartz*, No. 11-00224, 2011 WL 6130604, *10-11 (D. Me. Dec. 6, 2011) (staying discovery under Rule 6(b)(1)(A), pending resolution of motion on the merits).[1]

7. **There Is Good Cause to Continue the Deposition:** There is good cause to continue the Deposition: the relief sought in the Motion would be moot if Hinkley attended the Deposition before the Court had ruled on the Motion. "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (Rule 6(b)(1) request; citing, e.g., *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 187 (1st Cir. 2004) ("good cause" in context of Rule 55 is "is liberally construed")). Courts "should normally grant extension requests, made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) (citing 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1165 (3d ed. 2015)). *See also Ahanchian*, 624

---

[1] It is significant that a request under Rule 6(b)(1) does not constitute a "motion" under the Federal Rules:
> Rule 6(b) establishes a clear distinction between "requests" and "motions," and the one cannot be converted into the other without violating its provisions . . . Rule 6(b)(1) allows a court ("for cause shown" and "in its discretion") to grant a "request" for an extension of time, whether the request is made "with or without motion or notice," provided the request is made before the time for filing expires.

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 n.5 (1990). *Cf.* Fed. R. Civ. P. 6 advisory committee notes on 1946 amendments (Rule 6 uses term "request" instead of other terms which are defined as motion elsewhere in the Rules). Because it is not a motion under the Federal Rules, the Court can grant the request without providing Liberty an opportunity to respond. *See Rockwood v. SKF USA Inc.*, No. 08-168, 2010 WL 1576455, *1 (D.N.H. Apr. 19, 2010) (Rule 6(b)(1) "expressly allows extensions of time 'without notice,' i.e., on an ex parte basis [as long as] the extension is asked or given before the deadline in question passes"; collecting cases); *Amadasu v. Rosenberg*, No. 03-6450, 2004 WL 946842, *1 (S.D.N.Y. May 3, 2004) ("Rule 6(b)(1) authorized [court] to grant the requested extension without notice to plaintiff, let alone an opportunity to be heard"). *See also* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1165 (3d ed. 2018) (Rule 6(b)(1)(A) request does not require "a formal motion for extension" or "notice to the adverse party").

F.3d at 1260 (extension should have been granted absent evidence of bad faith by party seeking extension or that an extension of time would prejudice other parties).

8. **Hinkley Did Not Act in Bad Faith:** Hinkley could not have reasonably brought the Motion in time to avoid delaying the Deposition. *Davis v. Ace Hardware Corp.*, No. 12-1185, 2014 WL 2990329, at *2 (D. Del. July 2, 2014) (to show "good cause" under Rule 6(b)(1)(A), party requesting extension "must demonstrate that it cannot reasonably meet [applicable] deadline[] despite its diligence"; citations omitted). Liberty issued the subpoena noticing the Deposition on August 6—that is, thirty-seven (37) days before the Deposition's scheduled date, September 12. Briefing on a regularly-noticed motion under the ordinary operation of Local Rule 7 requires at least 35 days. *Cf.* L.R. 7(b), (c). Hinkley filed the Motion as soon as she was reasonably able to draft the Motion (in light of her counsel's other obligations), and locate and retain local counsel in Maine. Given these factors, Hinkley could not have reasonably filed the Motion within two days after Liberty issued the subpoena. Moreover, the record here does not suggest that it is likely the Court would resolve the issues raised in the Motion within two days after briefing was complete, or that this would be an efficient or wise use of the Court's resources.

9. **There Is No Prejudice to Liberty:** Hinkley has sought to minimize the prejudice from deferring the Deposition by giving Liberty advance notice of the Motion. On July 26, 2018, Hinkley's counsel, acting on behalf of her spouse, Samuel Katz, served a discovery dispute letter on Liberty explaining the problems with the Deposition. (ECF 1-14.) On or about August 8, 2018, Hinkley's counsel sent an email to Liberty's counsel which objected to the Deposition "on September 12 or any other date." On or about August 16, 2018. Hinkley's counsel sent another email which stated Hinkley's counsel "contemplat[ed] [a] motion[] for protective order with

respect to the . . . Hinkley subpoena," that they had "adequately discussed our position on this, but . . . want[ed] to make sure there is a clear record. For the reasons laid out in the July 26 discovery letter, [the Hinkley subpoena is] disproportionate to any benefit, harassing, and otherwise improper."

10. Hence, Hinkley gave Liberty advance notice that Hinkley opposed the Deposition, and would file the Motion. Any plans or expenses Liberty made in reliance on the Deposition were made subject to that knowledge. *See Criterion 508 Sols., Inc. v. Lockheed Martin Servs., Inc.*, 255 F.R.D. 489, 495 (S.D. Iowa 2008) ("hardship" of party noticing deposition from other party's failure to attend was "negligible, considering counsel had three weeks' notice that [other party] was not planning on being present at the deposition, which allowed plenty of time to seek court intervention to secure her presence, rather than showing up to make a record confirming that she was, indeed, not in attendance").

11. **In the Alternative, the Court Should Order Expedited Briefing in Advance of the Deposition:** In the alternative, the Court should order expedited briefing on the Motion in advance of the Deposition, for the same reasons she has stated in her Rule 6 request above. Expedited resolution of the Motion would further the purpose underlying the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

12. **Conclusion:** Hinkley respectfully requests the Court excuse her counsel from appearing in person on hearings before the Court, and either continues the Deposition until after it rules on the Motion, or expedites briefing so that the Court can resolve the Motion prior to the date now set for the Deposition (September 12, 2018).

Dated: September 5, 2018     By: _____/s/Judy Potter_____
                                                   Judy Potter, Esq.
                                                   Bar No. 694
                                                   Law Offices of Judy Potter P.A.
                                                   356 Spurwink Avenue
                                                   Cape Elizabeth, Maine 04107
                                                   Telephone: (207) 799-5453
                                                   Facsimile: (207) 799-8119
                                                   judy356@msn.com

                                                   Yitzchak H. Lieberman (pro hac vice pending)
                                                   Grace E. Parasmo (pro hac vice pending)
                                                   Parasmo Lieberman Law
                                                   7400 Hollywood Boulevard, Suite 505
                                                   Los Angeles, California 90046
                                                   Telephone: (917) 657-6857
                                                   Facsimile: (877) 501-3346

                                                   Ethan Preston (pro hac vice pending)
                                                   Preston Law Offices
                                                   4054 McKinney Avenue, Suite 310
                                                   Dallas, Texas 75204
                                                   Telephone: (972) 564-8340
                                                   Facsimile: (866) 509-1197

                                                   *Attorney for Movant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 5, 2018, I electronically filed this document with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

    ALLISON A. ECONOMY, aeconomy@rudmanwinchell.com

    JEFFREY P. BRUNDAGE, JBrundage@eckertseamans.com


Dated: September 5, 2018     By:      /s/Judy Potter
                                                  Judy Potter, Esq.
                                                  Bar No. 694
                                                  Law Offices of Judy Potter P.A.
                                                  356 Spurwink Avenue
                                                  Cape Elizabeth, Maine 04107
                                                  Telephone: (207) 799-5453
                                                  Facsimile: (207) 799-8119
                                                  judy356@msn.com

                                                  *Attorney for Movant*