UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SHELBY HINKLEY, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 1:18-mc-00203-JCN |
| LIBERTY POWER CORP., LLC, | ) | |
| et al., | ) | |
| | ) | |
| Respondents | ) | |

**ORDER ON MOTION TO QUASH SUBPOENA**

Respondents seek to depose Petitioner, the spouse of the plaintiff in a class action captioned *Katz v. Liberty Power Corp., LLC*, No. 18-10506, which action is pending in the District of Massachusetts (the action). In the action, the plaintiff alleges Respondents violated the Telephone Consumer Protection Act, 47 U.S.C. § 227. Petitioner, who resides in Maine, asks this Court to quash the subpoena by which Respondents seek to compel Petitioner to appear for a deposition. (Motion to Quash, ECF No. 1.) Through the subpoena, Respondents also directed Petitioner to produce certain documents

Following a review of the record, and after consideration of the parties' arguments, the Court denies the motion to quash as to the deposition, and grants in part the motion as to the request for documents.

## Discussion

Federal Rule of Civil Procedure 26 authorizes a court, "for good cause," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue expense." Fed. R. Civ. P. 26(c). In addition, Federal Rule of Civil Procedure 45 provides

that a court must quash or modify a subpoena if the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv); *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003).

Petitioner contends the subpoena is designed to harass her and to "chill" the plaintiff's prosecution of the action. (Motion at 2.) Petitioner also maintains the deposition would impose an undue burden on her. (Reply at 7, ECF No. 15.)

A review of the parties' submissions reveals that in part the parties disagree as to the relevance of Petitioner's potential testimony. In the action, the plaintiff has made certain factual assertions, including assertions about the various telephone numbers he has had, the number of calls he received from Respondents, and the impact of Respondents' alleged actions, which assertions are central to the plaintiff's claim. A review of the record suggests that Petitioner likely has some information that might corroborate or generate questions about the accuracy of the plaintiff's allegations. In short, Petitioner has not demonstrated that she lacks information relevant to some of the plaintiff's factual assertions.

Similarly, Petitioner has not demonstrated that the location of the deposition or the logistics of attending the deposition present an undue burden. Respondents propose to take the deposition within a reasonable distance from Petitioner's home, to assist with Petitioner's transportation to the deposition, and to pay the reasonable child care costs Petitioner might incur to attend the deposition. Under the circumstances, while the Court recognizes Petitioner's attendance at the deposition might be inconvenient for her, the Court cannot conclude her attendance would be unduly burdensome.

Finally, Petitioner's contention that many of the questions posed at a deposition could solicit privileged information, to which she might object, does not constitute sufficient grounds to quash the subpoena. If Petitioner intends to decline to answer relevant questions based on a privilege, Respondents should have the opportunity to ask the questions, assess the merit of the asserted privilege, and decide whether to challenge the assertion or to explore whether the fact finder could permissibly draw any inferences from the assertion of the privilege. *See*, *e.g.*, *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) ("[T]the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them: the Amendment 'does not preclude the inference where the privilege is claimed by a party to a Civil cause.'" (quoting 8 J. Wigmore, Evidence 439 (McNaughton rev. 1961)).

In sum, the Court concludes that Respondents' request to conduct Petitioner's deposition is reasonable, and that attending the deposition would not be unduly burdensome for Petitioner. Moreover, Petitioner has failed to satisfy her burden to establish a basis for the Court to quash the subpoena based on a concern that her testimony might disclose privileged or protected information. *Delaney v. Town of Abington*, 890 F.3d 1, 12 (1st Cir. 2018) (where motion to quash raises concern over protection of privileged information, the burden falls on the party resisting discovery).

Although Petitioner has not demonstrated a basis to prevent her deposition, Petitioner has raised some legitimate concerns about the scope of the document request

that accompanied the deposition subpoena.[1] While Petitioner's deposition testimony could establish grounds for a subsequent subpoena for documents, given the current record, as referenced above, the Court believes Respondents' request to depose Petitioner is reasonable insofar as Petitioner likely has some information relevant to some of the plaintiff's factual assertions regarding his contact with Respondents. The Court, therefore, finds it reasonable, based on the current record, to limit the document production to documents that are plainly relevant to the action, including documents related to the calls received by the plaintiff or made to the residence the plaintiff shared with Petitioner. At her deposition, therefore, Petitioner shall produce documents responsive to requests numbered 1, 2, 4 (excluding communications with Petitioner's counsel), and 14 in the request that accompanied the subpoena, subject to Petitioner's right to assert any privilege that might apply to the documents.

**Conclusion**

Based on the foregoing analysis, the Court grants in part and denies in part Petitioner's Motion to Quash. The Court grants the motion as to the documents requested in the subpoena except for requests numbered 1, 2, 4 (excluding communications with Petitioner's counsel), and 14. The Court denies the motion to the extent Petitioner asks the Court to order that she is not required to appear for a deposition. Respondents may serve a subpoena upon Petitioner directing Petitioner to appear for a deposition in Bangor, Maine,

---

[1] The reference to the document request in this Order is to the request served with the Revised Schedule A of Subpoena filed on the docket at ECF No. 15-2.

4

and to produce the documents requested in requests numbered 1, 2, 4 (excluding communications with Petitioner's counsel), and 14 of the subpoena previously served upon Petitioner. If Petitioner asserts a privilege applies to any documents within the scope of the requests, Petitioner shall produce a privilege log in which she identifies, in accordance with Federal Rule of Civil Procedure 26(b)(5)(A), any withheld documents with sufficient particularity to allow Respondents to assess the merit of the asserted privilege. In addition to the witness fee, Respondents shall be responsible for making reasonable arrangements for and paying for Petitioner's travel to and from the deposition, and for paying Petitioner's reasonable child care costs incurred as the result of her attendance at the deposition.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of November, 2018.